**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Jenkins, | No. CV-16-01802-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Medtronic Incorporated, et al., | |
| Defendants. | |

Plaintiff has filed a motion to remand. Doc. 15. Defendants filed a response (Doc. 23), and Plaintiff elected not to reply. The Court concludes that oral argument will not aid in its decision.[1] For the reasons that follow, the Court will grant the motion.

**I.   Background.**

The allegations in the complaint are taken as true for purposes of this motion. Plaintiff is a 43-year-old resident of Phoenix, Arizona, who experiences chronic pain in his feet. Doc. 1-1 at 2-10 ("Complaint"), ¶ 9. Defendants Medtronic, Inc. and Medtronic USA, Inc. (collectively, "Medtronic") are corporations organized under the laws of Delaware and Minnesota respectively. They market, warrant, and sell neurostimulators designed to relieve chronic pain without medication. ¶¶ 5-6, 9. Defendants Devin Nichols and Kelly Galloway (the "Individual Defendants") are Medtronic employees who reside in Arizona. ¶¶ 7-8.

---

[1] Defendants' request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    In an attempt to address his chronic foot pain, Plaintiff was implanted with a
2  Medtronic neurostimulator on December 15, 2014.  ¶ 11.  Plaintiff relied on Medtronic's
3  representation that the battery used in its neurostimulator would last for nine years.
4  ¶¶ 12-16.  The device was unsuccessful in relieving the pain in Plaintiff's feet because
5  the battery stopped working properly within two months of implantation.  ¶¶ 17, 29.
6  Plaintiff notified Medtronic that he was having problems with his device.  ¶ 17.  The
7  Individual Defendants undertook to reprogram and readjust Plaintiff's device in four
8  reprogramming sessions that occurred in the offices of Plaintiff's doctors.  ¶¶ 18-19.
9  Plaintiff alleges that, during these sessions, "the Medtronic representatives would
10  increase the stimulation level of the device to dangerously high levels," shocking him
11  across his back.  ¶ 20.  On April 24, 2015, Plaintiff had the neurostimulator surgically
12  removed.  ¶ 25.  The doctor who removed the device noted that its battery never
13  functioned properly.  ¶ 24.  As a result of these events, Plaintiff now suffers from severe
14  back pain.  ¶ 25.

15    On May 6, 2016, Plaintiff initiated this action by filing a complaint in Maricopa
16  County Superior Court.  The complaint asserted a breach of warranty claim against
17  Medtronic and a negligence claim against the Individual Defendants.  The warranty claim
18  alleges that (1) Medtronic warranted that its neurostimulator battery would last for nine
19  years; (2) the battery on Plaintiff's neurostimulator stopped working properly within two
20  months; and (3) as a direct and proximate result, Plaintiff suffered economic and personal
21  injuries.  ¶¶ 26-31.  The negligence claim alleges that (1) the Individual Defendants owed
22  Plaintiff a duty to act with reasonable care when they reprogrammed and readjusted his
23  neurostimulator; (2) the Individual Defendants breached this duty when they increased
24  the stimulation level to dangerously high levels; and (3) as a direct and proximate result,
25  Plaintiff suffered personal injuries.  ¶¶ 32-35.  Plaintiff alleges that Medtronic is
26  vicariously liable for the conduct of the Individual Defendants.  ¶ 36.

27    On June 7, 2016, Defendants removed this action pursuant to 28 U.S.C. § 1441,
28  asserting federal diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 1.

1

**II.     Legal Standard.**

2

A civil case brought in state court may be removed to the federal court in the

3 district where the action is pending if the federal district court would have had original

4 jurisdiction.  28 U.S.C. § 1441(a).  Removal of an action arising under state law is not

5 proper "if any of the parties in interest properly joined and served as defendants is a

6 citizen of the State in which such action is brought."  § 1441(b)(2).  "If at any time before

7 final judgment it appears that the district court lacks subject matter jurisdiction, the case

8 shall be remanded."  § 1447(c).  Section 1441 is strictly construed against removal.  *See*

9 *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).   The "strong

10 presumption" against removal "means that the defendant always has the burden of

11 establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

12 1992) (citation omitted).  Federal courts must remand a case to state court "if there is any

13 doubt as to the right of removal."  *Id.*

14

**III.     Analysis**

15

Defendants argue that diversity jurisdiction exists because (1) the Individual

16 Defendants were fraudulently joined, (2) there is complete diversity between Plaintiff and

17 the properly joined defendants, and (3) more than $75,000 is at stake.  In the Ninth

18 Circuit, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's

19 presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff

20 fails to state a cause of action against a resident defendant, and the failure is obvious

21 according to the settled rules of the state."  *Morris v. Princess Cruises, Inc.*, 236 F.3d

22 1061, 1067 (9th Cir. 2001) (quotation marks, alterations, and citation omitted).  Thus,

23 "the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted

24 against the non-diverse defendant," without requiring a finding that the plaintiff acted

25 with fraudulent intent.  *Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114

26 (C.D. Cal. 1999) (quotation marks and citation omitted).

27

District courts in the Ninth Circuit have noted that "[t]he problem with the

28 fraudulent joinder inquiry is that the Court must consider the validity of a claim that

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14

defeats diversity, a claim over which the Court has no jurisdiction." *Id*. "Only by considering the merits of the non-diverse claim can the Court be assured of jurisdiction over any of the claims in the case." *Id.* "The Court must therefore walk a very fine line: it must consider the merits of a matter without assuming jurisdiction over it." *Id.* To accommodate this balancing act, courts have noted that "some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder." *Id.* at 1115. To constitute fraudulent joinder, claims against the non-diverse party must not only be unsuccessful, they must be untenable. *Id.* The *Davis* case concluded that Rule 11 of the Federal Rules of Civil Procedure provides an appropriate standard. *Id.* Under Rule 11, "a party whose claim is not frivolous may legitimately present that claim to an appropriate court to have the claim considered." *Id.* "The fact that the party may lose or even the fact that the party will probably lose does not affect the party's right to present its claim, make its arguments, and receive a ruling from a court with proper jurisdiction." *Id.*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thus, even "'where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court.'" *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (quoting *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944)). Indeed, even a "'glimmer of hope' that plaintiff can establish [the] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999)). This fraudulent joinder standard based on Rule 11 has been cited with approval throughout the Ninth Circuit. *See In re: Bard IVC Filters Products Liab. Litig.*, No. 2641, 2016 WL 2347430, at *2 (D. Ariz. May 4, 2016); *Mirchandani v. BMO Harris Bank NA*, No. CV11-02286-PHX-GMS, 2011 WL 6019311, at *3 (D. Ariz. Dec. 5, 2011); *Bellecci v. GTE Sprint Commc'ns Corp.*, No. C-02-03974-WHA, 2003 WL 151538, at *3 (N.D. Cal. Jan. 14, 2003); *see also Jennings-Frye v. NYK Logistics Americas Inc.*, No. 2:10-cv-09737-JHN-EX, 2011 WL 642653, at *3 (C.D. Cal. Feb. 11, 2011); *Lujan v. Girardi & Keese*, No.

1    CV09-00017, 2009 WL 5216906, at *6 (D. Guam Dec. 29, 2009).

2    Defendants argue that Plaintiff's claim against the Individual Defendants is

3    obviously deficient under Arizona law because he cannot show that the Individual

4    Defendants owed him a duty of care.  Doc. 23 at 6-12.  The Court does not agree.  In

5    Arizona, "every person is under a duty to avoid creating situations which pose an

6    unreasonable risk of harm to others."  *Gipson v. Kasey*, 150 P.3d 228, 233 (Ariz. 2007)

7    (citation and quotation mark omitted).  Stated differently, "[a]n actor ordinarily has a

8    duty to exercise reasonable care when the actor's conduct creates a risk of physical

9    harm."  Restatement (Third) of Torts: Phys. & Emot. Harm § 7 (2010).  Plaintiff alleges

10   that the Individual Defendants reprogrammed and readjusted a neurostimulator implanted

11   in his back.  Complaint ¶ 19.  Because such conduct entails a risk of physical harm, there

12   is a reasonable possibility that an Arizona court would find that the Individual

13   Defendants were under a duty to exercise reasonable care.

14   Defendants cite several cases applying the learned intermediary doctrine for the

15   proposition that sales representatives working for medical device or pharmaceutical

16   companies generally do not have a duty to warn patients.  Doc. 23 at 10.  These cases are

17   inapposite.  Plaintiff does not allege that the Individual Defendants violated a duty to

18   warn; he alleges that they negligently manipulated a device implanted in his back.

19   Defendants argue that the Individual Defendants cannot be liable because they

20   were taking direction from Plaintiff's doctor when they manipulated his device.  *Id.*

21   Defendants do not cite any Arizona authority holding that a non-physician is immunized

22   from liability for acts taken at the direction of a physician.  Even if such authority exists,

23   Defendants' argument fails for want of any evidence that the Individual Defendants were

24   taking directions from Plaintiff's doctor when they increased the stimulation level of his

25   neurostimulator.  An Arizona court would not grant a motion to dismiss based on an

26   unsupported factual premise.  *See McDonald v. City of Prescott*, 5 P.3d 900, 901 (Ariz.

27   Ct. App. 2000) (Arizona courts must draw all reasonable inferences in favor of plaintiff

28

1    on a motion to dismiss).[2]

2       Finally, Defendants argue that Plaintiff fails to allege sufficient factual allegations

3 to state a claim against the Individual Defendants under *Bell Atl. Corp. v. Twombly*, 550

4 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Whether that is true is

5 immaterial: the fraudulent joinder analysis looks to whether the claim against the resident

6 defendant is viable under "the settled rules of *the state*," *Morris*, 236 F.3d at 1067

7 (emphasis added), and federal courts therefore look to the state's pleading standard in

8 determining whether a claim against a resident defendant is viable, *see Edwea, Inc. v.*

9 *Allstate Ins. Co.*, No. CIV.A. H-10-2970, 2010 WL 5099607, at *5 (S.D. Tex. Dec. 8,

10 2010) (collecting cases). Arizona has not adopted the *Twombly* and *Iqbal* pleading

11 standards, *Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344 (2008), and Defendants do not

12 argue that the claim against the Individual Defendants is obviously deficient under

13 Arizona's "notice pleading standard," *Coleman v. City of Mesa*, 284 P.3d 863, 867 (Ariz.

14 2012). Nor would such an argument be well taken. Plaintiff alleges that the Individual

15 Defendants reprogrammed and readjusted his neurostimulator four times between

16 December 15, 2014 and February 13, 2015, that they increased the stimulation level of

17 the device to dangerously high levels during these sessions, that these increases produced

18 shocks across his back like a cattle prod, and that he was injured as a result. Complaint

19 ¶¶ 19-20, 22, 25. There is a reasonable possibility that an Arizona court would find these

20 allegations sufficient to state a claim under its notice pleading standard.

21

22       [2] This evidentiary gap distinguishes *Wilssens v. Medtronic, Inc.*, No. 09-60792-
CIV, 2009 WL 9151079 (S.D. Fla. July 23, 2009), and *Suckow v. Medtronic, Inc.*, 971 F.
23 Supp. 2d 1042 (D. Nev. 2013). In *Wilssens*, the plaintiff asserted a negligence claim
against a Medtronic representative who allegedly misprogrammed his medical device.
24 *See* 2009 WL 9151079 at *1. The representative provided a declaration stating that she
was acting on the physician's direction when she programmed the device. *See id.* at *7.
25 The court relied on this declaration in finding the claim non-viable. *See id.* (claim was
non-viable because plaintiff was unable to "overcome [the representative's] statement
26 that she acted at the direction of a physician when she programmed Plaintiff's . . .
device"). Similarly, the Medtronic representative in *Suckow* provided a declaration
27 stating that any work he performed on the plaintiff's device was done at the request of a
physician. *See* 971 F. Supp. 2d at 1047. The court relied on this evidence – and
28 plaintiff's failure to contest removal – in finding the claim against the representative was
not viable. *See id.* at 1047-48.

As noted above, federal courts must remand cases to state court "if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.  Furthermore, doubts regarding fraudulent joinder are resolved in favor of remand.  *Albi*, 140 F.2d at 312.  For the reasons discussed above, the Court finds that Defendants have not carried their burden of showing that the Individual Defendants were fraudulently joined or that removal was proper.

**IT IS ORDERED:**

1.   Plaintiff's motion to remand (Doc. 15) is **granted**.

2.   Defendants' request for judicial notice (Doc. 13), Defendants' motion to dismiss (Doc. 14), and Plaintiff's motion to amend (Doc. 26) are **found to be moot**.

3.   The Clerk of the Court shall remand this case to Maricopa County Superior Court.

Dated this 5th day of August, 2016.

David G. Campbell
United States District Judge